# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1829

_____

Willie Gammon,                                    *
                                                  *
                Appellant,                        *
                                                  *   Appeal from the United States
        v.                                        *   District Court for the Eastern
                                                  *   District of Arkansas.
Dan Flowers, Director of the                      *
Arkansas Highway and                              *        [UNPUBLISHED]
Transportation Department; Ronnie                 *
Burks, Chief of Arkansas Highway                  *
Police; Arkansas State Highway                    *
and Transportation Department;                    *
Arkansas Highway Police,                          *
                                                  *
                Appellees.                        *

_____

Submitted: November 17, 2006
    Filed: November 22, 2006

_____

Before BYE, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

        Willie Gammon, an African American sergeant employed by the Arkansas State Highway Police (AHP), appeals the district court's adverse grant of summary judgment on his race discrimination, hostile work environment, and retaliation claims in a Title VII and 42 U.S.C. §§ 1981 and 1983 action brought against Dan Flowers,

Director of the Arkansas Highway Transportation Department, and Ronnie Burks, Chief of the AHP, in their official and individual capacities. The district court[1] found Gammon failed to establish a prima facie case of race discrimination under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1972), did not produce evidence of harassment so severe as to alter his employment conditions, and offered no evidence of retaliation for filing discrimination charges. After a de novo review, we affirm.

Gammon claims Flowers and Burks, who are white, denied him promotions, transfers, training, and equal pay because he is an African American. He contends he produced both direct and indirect evidence of race discrimination. He claims race was a factor in the AHP denying him promotions to First Lieutenant and Second Lieutenant positions. While he rated as well or better than other candidates in a number of areas considered by the AHP in deciding promotions (e.g., educational level, years of experience, and certificates awarded), Gammon admits the successful white candidates scored higher than he did on an objective evaluation of job knowledge (which accounted for 40% of the promotional consideration) and, as a result, he was not the top-rated candidate for either position. During Gammon's interview for the First Lieutenant position, Burks told him his haircut was unprofessional and he was too old for the haircut, and asked, "What happened to your hair? Why did you cut all of your hair off?" Gammon testified these remarks were racist. In addition, the successful candidate for the First Lieutenant position had previously gone hunting with Flowers. Neither the hair comments nor hunting incident show a strong causal link "between the alleged discriminatory animus and the challenged decision" and thus do not constitute direct evidence of racial discrimination. Griffith v. City of Des Moines, 387 F.3d 733, 736 (8th Cir. 2004). Moreover, Gammon did not meet his burden to produce "'specific, tangible evidence' that employees who were 'similarly situated in all respects' to him received different

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

-2-

treatment." Philip v. Ford Motor Co., 413 F.3d 766, 768 (8th Cir. 2005) (citation omitted).

Gammon also failed to establish a prima facie case of race discrimination as to the transfer, training, and pay issues. He offered no evidence AHP denied him transfer, training, or educational upgrade opportunities as he alleged. Further, while Gammon's proffered evidence shows a number of white sergeants earn more per year than Gammon, some white sergeants earn the same or lesser amounts. Gammon provided no basis for distinguishing among a variety of factors that might explain the pay differences such as step placement or merit pay. While he alleges unit patrol officers receive higher pay than weigh station officers, he admits he has never requested to be assigned to a patrol unit.

The district court also properly dismissed Gammon's hostile work environment and retaliation claims. The sole evidentiary basis for the hostile work environment claim is an incident in which a lieutenant called a patrolman a "nigger" and referred to all other African American AHP employees using the same word. "[R]acial slurs alone do not render a work environment hostile as a matter of law." Singletary v. Mo. Dep't of Corr., 423 F.3d 886, 893 (8th Cir. 2005). Finally, while Gammon alleged the AHP retaliated against him because he filed discrimination charges with the EEOC, he presented no evidence to support any causal connection between his charges and any adverse employment action.[2]

Accordingly, we affirm.

_____

_____

[2] To the extent the issue is before us, we also affirm the district court's adverse grant of summary judgment on Gammon's disparate impact claim because Gammon did not present evidence of statistical disparities sufficiently substantial to raise an inference of causation between an identifiable, facially neutral personnel policy or practice and a disparate effect on African American AHP employees. See Watson v. Forth Worth Bank & Trust, 487 U.S. 977, 994 (1988).